Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Erik R. Puknys (SBN 190926)
erik.puknys@finnegan.com
Jacob A. Schroeder (SBN 264717)
jacob.schroeder@finnegan.com
Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:      (650) 849-6666

Arpita Bhattacharyya (*pro hac vice* pending)
arpita.bhattacharyya@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Seaport Lane, 6th Floor
Boston, MA 02210-2001
Telephone:     (617) 646-1600
Facsimile:      (617) 646-1666

Attorneys for Plaintiff
ASETEK DANMARK A/S

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>                    Plaintiff,<br><br>          v.<br><br>NEWEGG INC., NEWEGG NORTH AMERICA INC.<br><br>                    Defendants. | CASE NO.<br><br>**COMPLAINT FOR WILLFUL PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Asetek Danmark A/S ("Asetek"), through its undersigned attorneys, alleges the following for its Complaint against Newegg Inc. and Newegg North America Inc. (collectively, "Newegg"):

**NATURE OF ACTION**

1. This Complaint seeks judgment that Newegg has infringed and continues to infringe Asetek's U.S. Patent Nos. 8,240,362 ("the '362 patent") and 8,245,764 ("the '764 patent") (together the "Patents-in-Suit").

2. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

3. The Patents-in-Suit both relate to cooling systems and methods of using same for cooling a computer system. A true and accurate copy of the '362 patent is attached hereto as Exhibit A. A true and accurate copy of the '764 patent is attached hereto as Exhibit B.

**THE PARTIES**

4. Asetek Danmark A/S is a corporation organized under the laws of Denmark with its principal place of business at Assensvej 2, DK-9220 Aalborg East, Denmark.

5. Upon information and belief, Newegg Inc. is a Delaware corporation with its principal place of business in California. Newegg Inc. owns and operates www.newegg.com, as stated in a Newegg press release obtained from newegg.com and attached hereto as Exhibit C [http://www.newegg.com/Info/NewsroomDetail.aspx?ID=1062&Type=3].

6. Upon information and belief, Newegg North America Inc. is a Delaware corporation with its principal place of business in California. Newegg North America Inc. is affiliated with Newegg Inc., and conducts and is responsible for Newegg's North America Operations as stated in a Newegg press release obtained from www.newegg.com and attached hereto as Exhibit C.

**JURISDICTION AND VENUE**

7. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Newegg. On information and belief, Newegg has conducted and does conduct business within the State of California, and its corporate

headquarters are located in California. On information and belief, Newegg, directly or through subsidiaries or intermediaries, offers for sale, sells, imports and induces offers for sale, sales, and imports of infringing products in the United States, the State of California, and the Northern District of California. On information and belief, these infringing products have been, and continue to be, purchased and used by consumers in the Northern District of California. On information and belief, Newegg has committed acts of infringement of the Patents-in-Suit within the State of California and, more particularly, within the Northern District of California.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

10. Asetek is the global leader in liquid cooling solutions for data centers, servers and PCs. Asetek's server products enable OEMs to offer cost effective, high performance liquid cooling data center solutions. Its PC products are targeted at the gaming and high performance desktop PC segments. With over 3.5 million liquid cooling units deployed, Asetek's patented technology is being adopted by a growing portfolio of OEMs and channel partners. Asetek's business is focused entirely on developing and selling liquid cooling products. The company has invested many millions of dollars in developing, designing, and selling its revolutionary liquid cooling solutions. Asetek's '362 and '764 patents protect many of the company's fundamental discoveries and achievements in liquid cooling.

**This Court Has Ruled That the Products Being Sold by Newegg Infringe Asetek's Patents**

11. On January 31, 2013, Asetek sued Cooler Master Co., Ltd. ("Cooler Master Taiwan") and Cooler Master USA, Inc. which later changed its name to CMI ("CMI") in this District for unlawfully importing, offering to sell, and selling in the United States products that infringe the patents-in-suit, such as Cooler Master-branded Seidon products.

12. Specifically, Asetek's complaint against Cooler Master Taiwan and CMI alleged that infringing products were being promoted and sold in the United States through websites such as Newegg.com.

13. At trial, CMI did not contest that its products infringed claims 1-15, 17, and 18 of Asetek's '764 patent and, on December 17, 2014, a jury found that Cooler Master-branded products also infringed claims 14, 15, and 17-19 of Asetek's '362 patent. Specifically, the jury found that the Cooler Master Seidon (Seidon 120M, 120XL, and 240M), Seidon 120V, Nepton (Nepton 140XL and 280L), and Glacer 240L products (collectively, the "Infringing Products") infringed Asetek's '362 patent. The jury also rejected all of the asserted invalidity defenses.

14. On September 22, 2015, Judge Tigar denied CMI's post-trial motions and issued a permanent injunction which enjoined CMI, and anybody in active concert therewith (including Cooler Master Taiwan), "from making, using, offering for sale or selling in the United States, or importing into the United States, or causing to be made, used, offered for sale, or sold in the United States, or imported into the United States, the Infringing Products."

15. On October 19, 2015, Judge Tigar entered final judgment that the Infringing Products infringed Asetek's '362 and '764 patents. CMI appealed various issues to the Court of Appeals for the Federal Circuit, including validity and infringement. On December 6, 2016, the Federal Circuit issued its ruling affirming the district court on, among other things, the issues of validity and infringement appealed by CMI.

**Newegg Ignored Two Cease and Desist Letters from Asetek**

16. After Judge Tigar entered judgment and issued an injunction against CMI, counsel for Asetek sent letters to retailers and websites that were continuing to sell the infringing products after issuance of the judgment and injunction, including Newegg.

17. In an October 2015 letter, counsel for Asetek informed Messrs. Fred Chang, Bob Bellack, and Lee Cheng of Newegg that (1) Cooler Master's Infringing Products were found to infringe Asetek's '362 and '764 patents; (2) Judge Tigar had enjoined the sales of those products in the United States; (3) the Infringing Products were offered for sale on Newegg.com; and (4) Asetek requested that Newegg cease and desist from selling Cooler Master's Infringing Products. The letter also identified other products available on Newegg.com, such as Giga-Byte's GEFORCE GTX 980 Water Force (sold under at least model number GV-N980WAOC-4GD) which includes an infringing Cooler Master product. Asetek concluded by "ask[ing] that Newegg cease all sales of the infringing

Cooler Master . . . products in the U.S., remove all listings of the above-listed products from your website accessible in the U.S., and cease importing infringing products into the U.S." Newegg has been aware of the patents-in-suit and its infringing conduct since at least October 28, 2015, when it received this cease-and-desist letter from Asetek's counsel dated October 23, 2015. A true and accurate copy of this letter is attached hereto as Exhibit D.

18. After receiving no response from Newegg, counsel for Asetek sent a second cease-and-desist letter on November 25, 2015. As explained in this letter, "[a] review of Newegg's website reveals that as of this date, Newegg continues to offer for sale and sell in the United States products covered by the injunction and that infringe the '362 and '764 patents." In addition to the Infringing Products previously identified, Asetek also identified other infringing products, such as Cooler Master Nepton 120XL, Cooler Master Nepton 240M, AMD FX-9590 Black Edition Vishera (which contains a Cooler Master Seidon 120M), Giga-Byte GEFORCE GTX 980 with Water Force (which contains a Cooler Master Seidon 120M), and AMD Radeon R9 Fury X products. Asetek concluded by "demand[ing] that Newegg cease all sales and offers for sale of the infringing products in the U.S., remove all listings of the products from your website accessible in the U.S., and cease importing infringing products into the U.S." A true and accurate copy of this letter is attached hereto as Exhibit E.

19. Asetek's letters to Newegg were met with silence and many of the identified products remain available for purchase on www.newegg.com for shipment to the United States.

20. Upon information and belief, the following infringing products are available for purchase through www.newegg.com:

- Seidon 120M, Seidon 120XL, Seidon 120V
- Nepton 120XL, Nepton 140XL, Nepton 240M, Nepton 280L
- EVGA GeForce GTX 980TI, EVGA GeForce GTX 1080 FTW
- GigaByte GeForce GTX 1080

(collectively, with the Infringing Products, "Newegg Infringing Products").

21. For example, the below screenshots of www.newegg.com were taken on November 10, 2016, showing that the Newegg Infringing Products are available for purchase from the United States through www.newegg.com:



















### COUNT I: WILLFUL INFRINGEMENT OF U.S. PATENT NO. 8,240,362

22. Asetek incorporates by reference each and every allegation set forth in paragraphs 1 through 21 of its Complaint as if fully set forth and restated herein.

23. The '362 patent entitled "Cooling System for a Computer System" was duly and legally issued by the United States Patent and Trademark Office ("PTO") on August 14, 2012. Asetek is the sole and exclusive owner of the '362 patent.

24. Newegg, without authority and consent of Asetek, has been and continues to import, offer to sell, and sell in the United States products that infringe claims 14, 15, and 17-19 of the '362 patent, including but not limited to the Newegg Infringing Products. Newegg has directly infringed and continues to directly infringe the '362 patent.

25. For example, the Infringing Products (Cooler Master's Seidon (Seidon 120M, 120XL, and 240M), Seidon 120V, Nepton (Nepton 140XL and 280L), and Glacer 240L products) were already found by this Court to infringe claims 14, 15, and 17-19 of the '362 patent.

26. Moreover, upon information and belief, the Nepton 120XL, Nepton 240M, EVGA GeForce GTX 980TI, EVGA GeForce GTX 1080 FTW, and GigaByte GeForce GTX 1080 infringe claims 14, 15, and 17-19 of the '362 patent for the same reasons. Specifically, upon information and belief, each of these products either (a) contains one or more of the Infringing Products or (b) is a new liquid-cooling product which infringes for similar reasons to those established at trial with respect to the Infringing Products.

27. At least as of October 28, 2015, Newegg has had knowledge of the '362 patent and, upon information and belief, has induced and continues to induce direct infringement of the '362 patent by aiding and abetting infringement by merchants and customers in the United States, including but not limited to merchants and customers of the Newegg Infringing Products. Newegg has intentionally taken action that has actually induced and continues to induce direct infringement by merchants and customers in the United States, and has known that the acts have been and are causing infringement of the '362 patent. These acts include, but are not limited to, making available for purchase and facilitating the sales and import of Newegg Infringing Products in the United States through Newegg's online marketplace, www.newegg.com. Newegg is aware that third parties' (such as merchants and customers) conduct in offering for sale, selling, and importing to the United States the Newegg Infringing Products constitutes an infringement of the '362 patent and yet has continued to induce the infringing conduct.

28. At least as of October 28, 2015, Newegg has had knowledge of the '362 patent and has contributed and continues to contribute to direct infringement of the '362 patent by supplying an important (material) component of the infringing products and method to customers in the United States, including but not limited to the Newegg Infringing Products, which are not common components suitable for non-infringing use. Newegg supplies the components with knowledge of the '362 patent and knowledge that the components were especially made or adapted for use in an infringing manner, and that customers and end users directly infringe the '362 patent in the United States.

29. Newegg's infringement of the '362 patent has been and continues to be egregious and willful, and has caused and continues to cause damage and irreparable harm to Asetek. Even though

1  Asetek informed Newegg of its unlawful conduct at least as early as October 2015, which included
2  this Court's order enjoining the sales of infringing products, Newegg continues to permit the
3  unlawful offers for sale, sales, and imports in the United States of products held by this Court to
4  infringe the '362 patent.

### COUNT II: WILLFUL INFRINGEMENT OF U.S. PATENT NO. 8,245,764

6  30.  Asetek incorporates by reference each and every allegation set forth in paragraphs 1
7  through 29 of its Complaint as if fully set forth and restated herein.

8  31.  The '764 patent entitled "Cooling System for a Computer System" was duly and
9  legally issued by the United States Patent and Trademark Office ("PTO") on August 21, 2012.
10  Asetek is the sole and exclusive owner of the '764 patent.

11  32.  Newegg, without authority and consent of Asetek, has been and continues to import,
12  offer to sell, and sell in the United States products that infringe claims 1-15, 17, and 18 of the '764
13  patent, including but not limited to the Newegg Infringing Products.  Newegg has directly infringed
14  and continues to directly infringe the '764 patent.

15  33.  For example, CMI did not dispute that the Infringing Products (Cooler Master's
16  Seidon (Seidon 120M, 120XL, and 240M), Seidon 120V, Nepton (Nepton 140XL and 280L), and
17  Glacer 240L products) infringe claims 1-15, 17, and 18 of the '764 patent.

18  34.  Moreover, upon information and belief, the Nepton 120XL, Nepton 240M, EVGA
19  GeForce GTX 980TI, EVGA GeForce GTX 1080 FTW, and GigaByte GeForce GTX 1080 infringe
20  claims 1-15, 17, and 18 of the '764 patent for the same reasons.  Specifically, upon information and
21  belief, each of these products either (a) contains one or more of the Infringing Products or (b) is a
22  new liquid-cooling product which infringes for similar reasons with respect to the Infringing
23  Products.

24  35.  At least as of October 28, 2015, Newegg has had knowledge of the '764 patent and,
25  upon information and belief, has induced and continues to induce direct infringement of the '764
26  patent by aiding and abetting infringement by merchants and customers in the United States,
27  including but not limited to merchants and customers of the Newegg Infringing Products.  Newegg
28  has intentionally taken action that has actually induced and continues to induce direct infringement

by merchants and customers in the United States, and has known that the acts have been and are causing infringement of the '764 patent. These acts include, but are not limited to, making available for purchase and facilitating the sales and import of Newegg Infringing Products in the United States through Newegg's online marketplace, Newegg.com. Newegg is aware that third party's (such as merchants and customers) conduct in offering for sale, selling, and importing to the United States the Newegg Infringing Products constitutes an infringement of the '764 patent and yet has continued to induce the infringing conduct.

36. At least as of October 28, 2015, Newegg has had knowledge of the '764 patent and has contributed and continues to contribute to direct infringement of the '764 patent by supplying an important (material) component of the infringing products and method to customers in the United States, including but not limited to the Newegg Infringing Products, which are not common components suitable for non-infringing use. Newegg supplies the components with knowledge of the '764 patent and knowledge that the components were especially made or adapted for use in an infringing manner, and that customers and end users directly infringe the '764 patent in the United States.

37. Newegg's infringement of the '764 patent has been and continues to be egregious and willful, and has caused and continues to cause damage and irreparable harm to Asetek. Even though Asetek informed Newegg of its unlawful conduct at least as early as October 2015, which included this Court's order enjoining the sales of infringing products, Newegg continues to permit the unlawful offers for sale, sales, and import in the United States of products held by this Court to infringe the '764 patent.

## PRAYER FOR RELIEF

38. WHEREFORE, Asetek respectfully prays for the following relief:

   a. A judgment that Newegg is liable for infringing (directly, contributorily, and by inducement) the patents-in-suit;

   b. An order preliminarily and permanently enjoining Newegg and their officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants,

successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing upon the patents-in-suit;

   c. An award of all damages sufficient to fully compensate Asetek for past infringement, up until entry of the final judgment, by Newegg under 35 U.S.C. § 284;

   d. Enhancement of damages under 35 U.S.C. § 284;

   e. A judgment requiring Newegg to pay Asetek's pre-judgment and post-judgment interest on the damages awarded; and,

   f. An award of attorney fees under 35 U.S.C. § 285.

## JURY DEMAND

39. Asetek requests a trial by jury on all issues so triable.

| | | |
|---|---|---|
| 1 | Dated: December 9, 2016 | Respectfully submitted, |
| 2 | | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP |

By: */s/ Robert F. McCauley*
    Robert F. McCauley (SBN 162056)
    robert.mccauley@finnegan.com
    Erik R. Puknys (190926)
    erik.puknys@finnegan.com
    Jacob A. Schroeder (SBN 264717)
    jacob.schroeder@finnegan.com
    Jeffrey D. Smyth (SBN 280665)
    jeffrey.smyth@finnegan.com
    FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
    3300 Hillview Avenue
    Palo Alto, California  94304
    Telephone:(650) 849-6600
    Facsimile: (650) 849-6666

    Arpita Bhattacharyya (*pro hac vice pending*)
    arpita.bhattacharyya@finnegan.com
    FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
    Two Seaport Lane, 6th Floor
    Boston, MA 02210-2001
    Telephone:(617) 646-1600
    Facsimile: (617) 646-1666

    Attorneys for Plaintiff
    ASETEK DANMARK A/S