1    Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
2    Erik R. Puknys (SBN 190926)
erik.puknys@finnegan.com
3    Jacob A. Schroeder (SBN 264717)
jacob.schroeder@finnegan.com
4    Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
5    FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, LLP
6    3300 Hillview Avenue
Palo Alto, California  94304
7    Telephone:      (650) 849-6600
Facsimile:      (650) 849-6666
8

9    Arpita Bhattacharyya (*pro hac vice*)
arpita.bhattacharyya@finnegan.com
10   FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, LLP
11   Two Seaport Lane, 6th Floor
Boston, MA 02210-2001
12   Telephone:      (617) 646-1600
Facsimile:      (617) 646-1666
13
Attorneys for Plaintiff
14   ASETEK DANMARK A/S

Gordon M. Fauth, Jr. (SBN: 190280)
**LITIGATION LAW GROUP**
1801 Clement Avenue, Suite 101
Alameda, CA 94501
510.238.9610
510.337.1431 (fax)
gmf@classlitigation.com
     *and*
Kent E. Baldauf, Jr. (PA ID No. 70793)*
Bryan P. Clark (PA ID No. 205708)*
Christian D. Ehret (PA ID No. 311984)*
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com
cehret@webblaw.com
*Pro Hac Vice Applications Forthcoming*

Counsel for Defendants
Newegg Inc. and Newegg North America Inc.

15

16               UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19

20   ASETEK DANMARK A/S,

21            Plaintiff,

22            v.

23   NEWEGG INC., NEWEGG NORTH
AMERICA INC.,
24
25           Defendants.

CASE NO. 3:16-CV-7068-JST

**JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED]
ORDER**

Date: March 22, 2017
Time: 2:00 p.m.
Courtroom: 9, 19th Floor
Judge: Honorable Jon S. Tigar

26

27

28

1    In accordance with Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent

2 Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents

3 of Joint Case Management Statement, the Clerk's Initial Case Management Conference Notice (ECF

4 No. 17), and the Court's Order continuing the CMC (ECF No. 29), Plaintiff Asetek Danmark A/S

5 ("Asetek") and Defendants Newegg Inc. and Newegg North America Inc. (collectively, "Newegg")

6 hereby submit this Joint Case Management Statement and Proposed Order.

7 **1.      Jurisdiction and Service**

8    This Court has subject matter jurisdiction over this patent infringement action under 28

9 U.S.C. §§ 1331 and 1338(a) because the action arises under the U.S. Patent Act, 35 U.S.C. § 101 et

10 seq., including 35 U.S.C. §§ 271 and 281. No party contests personal jurisdiction or service.

11 **2.      Facts**

12    Asetek alleges that Newegg has been selling, and facilitating the sales by third parties,

13 through Newegg.com of certain Cooler Master-branded products previously held by this Court to

14 infringe claims 1-15, 17, and 18 of U.S. Patent No. 8,245,764 (the '764 Patent) and claims 14, 15,

15 and 17-19 of U.S. Patent No. 8,240,362 (the '362 Patent).  This Court previously enjoined CMI, and

16 anyone in active concert therewith, "from making, using, offering for sale, or selling in the United

17 States, or importing into the United States, or causing to be made, used, offered for sale, or sold in

18 the United States, or imported into the United States, the Infringing Products."

19    Asetek informed Newegg of this Court's holding of infringement and the permanent

20 injunction via letter in October 2015 and again in November 2015.  Newegg contends the letters

21 were misaddressed and disputes receiving these letters.

22    The products at issue continued to be sold on Newegg.com after Asetek sent its letters to

23 Newegg.  Asetek seeks damages for Newegg's alleged infringement, contends Newegg's alleged

24 infringement has been willful, and seeks a permanent injunction.

25 **3.      Legal Issues**

26    The principal disputed legal issues are:

27        • The extent of Newegg's direct infringement of the Patents-in-Suit;

28

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

• Whether Newegg infringes any of the Patents-in-Suit indirectly (35 U.S.C. § 271(b/c));

• Whether Asetek is entitled to damages as a result of the infringement of any or all of the Patents-in-Suit, and if so, the amount, and whether the damages should be trebled for alleged willful infringement (35 U.S.C. §§ 284, 289);

• Whether Newegg should be permanently enjoined from selling infringing products through Newegg.com;

• Whether this case is exceptional (35 U.S.C. § 285);

• Whether Newegg's infringement has been willful;

• Whether the Patents-in-Suit are valid; and

• Whether Asetek has previously recovered damages for the products sold on Newegg.com.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

**4.     Motions**

Asetek may seek a preliminary injunction. Asetek has deferred filing a motion seeking such relief because Newegg has represented that it has self-enjoined and the parties are actively attempting to settle this dispute.  If the case progresses, the parties further anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

**5.     Amendment of Pleadings, Addition of Parties**

The parties agree that the deadline for joining parties and amending the pleadings should be in accordance with the proposed schedule set forth in Appendix A.

**6.     Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the parties met and conferred at their Rule 26(f) conference regarding evidence preservation. Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

1  as relevant to this action. The parties agree that the ESI described in Schedule A to the Delaware ESI

2  Default Standard need not be preserved or produced in discovery.

3  **7.     Initial Disclosures**

4        Asetek served its initial disclosures on March 8, 2017, as required by the Federal Rules of

5  Civil Procedure.  Newegg served its initial disclosures on March 10, 2017.

6  **8.     Discovery**

7        **A.     Protective Order**

8        The NDCA form interim Protective Order on the Court's website will govern this action

9  unless the Court enters a different Protective Order (per Patent L.R. 2-2).

10       **B.     Limits to Discovery Requests and Depositions**

11       At this time, the parties do not anticipate a need to limit or modify the limits imposed by the

12 Federal Rules of Civil Procedure.

13       **C.     Electronically Stored Information (ESI)**

14       The parties agree that documents shall be produced in full-text searchable single-page TIFF

15 format images or PDFs with unitizing load files if the size of the production exceeds 30 MB, and

16 that reasonable efforts will be made to suppress duplicates and near duplicates. The parties agree that

17 all documents will be exchanged on discs, by email, or other digital storage medium (including but

18 not limited to "zip" files and FTP transfer). To the extent either party believes, on a case-by-case

19 basis, that documents should be produced in an alternative format, the parties have agreed that they

20 will meet and confer in good faith concerning such alternative arrangements. The parties agree to the

21 Model Stipulated Order re: Discovery of Electronically Stored Info (Patent Cases) and will submit a

22 proposed order to that effect in accordance with the due dates set forth in Appendix A.

23       **D.     Electronic Service**

24       The parties agree to accept service by email. Each counsel will establish an email distribution

25 list accessible through a single external email address. Service by email will be treated as service by

26 hand delivery. The parties agree that service by email by 11:59 p.m. Pacific time on a given day will

27 be treated as service by personal delivery that day.

28

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

1    The parties further agree that documents filed publicly through the Court's ECF system need

2  not be separately served by email or otherwise and that ECF filing constitutes personal service as of

3  the date and time such document was filed. The parties agree that documents filed under seal or

4  manually must be served by email or other electronic means including FTP transfer immediately

5  following a related ECF filing, and that the email service of such documents shall relate back to the

6  time of the related ECF filing.

7    **E.    Privilege Logs**

8    The parties agree that privileged communications and documents covered by work product

9  protection that are dated on or after December 9, 2016, need not be included in any privilege log.

10  This applies only to the parties and their counsel of record in this action or their in-house counsel. In

11  addition, nothing herein precludes any party from arguing any alleged waiver of the attorney-client

12  privilege by the other party.

13    The parties further agree that Pursuant to Fed. R. Evid. 502(d), the production of a privileged

14  or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege

15  or protection from discovery in this case or in any other federal or state proceeding.  For example,

16  the mere production of privileged or work-product-protected documents in this case as part of a mass

17  production is not itself a waiver in this case or in any other federal or state proceeding.

18    **F.    Expert Discovery**

19    The parties agree that the protections provided in Federal Rule of Civil Procedure

20  26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including

21  both drafts of declarations and communications related to declarations. In accordance with Federal

22  Rule of Civil Procedure 26(b)(4), draft expert reports, notes, outlines, and any other writings leading

23  up to an expert's final report(s) are exempt from discovery. In addition, all communications with and

24  all materials generated by an expert with respect to his or her work on this action are exempt from

25  discovery unless considered by the expert in forming his or her opinions. If an expert produces a

26  report, the expert must produce his or her final report and all materials which he or she considered

27  (other than documents produced in discovery).

28

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

1    **9.      Class actions**

2           Not applicable here.

3    **10.     Related cases**

4           This case is related to *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-cv-457-JST (N.D.

5    Cal.), in which this Court held certain Cooler Master-branded products infringed several claims of

6    Asetek's '764 and '362 Patents.  This Court also enjoined the sale in, and import into, the United

7    States of these products.

8           The '764 and '362 patents are also at issue in *Asia Vital Components Co. Ltd. v. Asetek*

9    *Danmark A/S*, No. 3:16-CV-7160-JST (N.D. Cal.) (also assigned to a CMC at the same time as the

10   instant case), and were at issue in *Asetek Holdings, Inc. v. Coolit Sys. Inc.*, No. 3:12-CV-4498-EMC

11   (N.D. Cal.) (closed).

12          The patents-in-suit have also been the subject of proceedings in the United States Patent and

13   Trademark Office's Patent Trial and Appeal Board and the Federal Circuit.

14   **11.     Relief**

15          Asetek seeks entry of judgment finding that Newegg infringes the Patents-in-Suit, both

16   directly and indirectly. Asetek seeks monetary damages, including damages based an amount no less

17   than a reasonable royalty, and enhanced damages based upon Asetek's allegation of willful

18   infringement. Asetek further seeks a judgment that this case is exceptional and an award of Asetek's

19   costs and reasonable attorneys' fees. Asetek seeks other relief available under applicable law.

20   **12.     Settlement and ADR**

21          The parties discussed ADR in February 2017, and have agreed to participate in a Magistrate

22   Judge Settlement Conference.  As required by ADR L.R. 3-5, the parties have reviewed the Court's

23   ADR handbook, discussed the available ADR procedures and considered whether this case would

24   benefit from an ADR procedure.

25   **13.     Consent to a Magistrate Judge for All Purposes & Other References**

26          The parties do not consent to have a magistrate judge conduct all further proceedings

27   including trial and entry of judgment.

28

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

**14.     Other References**

The parties agree that at this time this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

Given the early stage of this case and the fact that discovery has just begun, the Parties have not at this time identified issues that can be narrowed by motion or stipulation, although the Parties do anticipate filing dispositive motions seeking to narrow the issues for trial. The Parties may also be able to narrow certain issues via stipulated facts once discovery has progressed.

**16.     Expedited Trial Procedure**

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64.

**17.     Scheduling**

The parties' respective scheduling proposals are set forth in the chart attached hereto as Appendix A.

**18.     Trial**

The parties request trial by jury and anticipate the trial will require approximately 4 court days.

**19.     Disclosure of Non-party Interested Entities or Persons**

The parties have filed Certifications of Interested Entities or Persons as required by Civil Local Rule 3-15. ECF No. 4 (Asetek's certification); ECF No. 31 (Newegg's certification).

Regarding Asetek, the undersigned certifies that as of this date, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Asetek Holdings, Inc.
- Asetek A/S
- Sunstone Technology Ventures.

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

1       Regarding Newegg, the undersigned certifies that as of this date, the following

2   listed persons, associations of persons, firms, partnerships, corporations (including

3   parent corporations) or other entities (i) have a financial interest in the subject matter

4   in controversy or in a party to the proceeding, or (ii) have a non-financial interest in

5   that subject matter or in a party that could be substantially affected by the outcome of

6   this proceeding:

7       • Newegg Inc.

8   **20.     Professional Conduct**

9       The parties have confirmed that all attorneys of record for the parties have reviewed the

10  Guidelines for Professional Conduct for the Northern District of California.

11  **21.     Other Matters**

12      Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding

13  additional matters.  Given the Court's familiarity with the patents-in-suit following the *Asetek v.*

14  *CMI USA, Inc.* jury trial, the parties are not planning to present a tutorial, unless the Court wishes

15  one.  The parties do not expect to present any live testimony at the claim construction hearing.  At

16  this time, the parties reasonably estimate that the claim construction hearing will take three hours or

17  less.

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

## Appendix A:
## Proposed Case Schedule

| Event | Applicable rule or order | Order or Agreed Date/Deadline |
|---|---|---|
| **Initial Case Management Conference** | ECF No. 29 | March 22, 2017, 2:00 p.m. |
| **Stipulated ESI Order** | | March 29, 2017 |
| **Infringement Contentions & Accompanying Production** | Pat. L.R. 3-1, 3-2<br><br>Not later than 14 days after the Initial Case Management Conference | April 5, 2017 |
| **Invalidity Contentions & Accompanying Production** | Pat. L.R. 3-3, 3-4<br><br>Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" | May 19, 2017 |
| **Exchange of Terms for Construction** | Pat. L.R. 4-1<br><br>Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3 | June 2, 2017 |
| **Exchange of Preliminary Constructions and Extrinsic Evidence** | Pat. L.R. 4-2<br><br>Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1 | June 23, 2017 |

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

| Damages Contentions | Pat. L.R. 3-8<br><br>Not later than 50 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3 | July 7, 2017 |
|---|---|---|
| Joint Claim Construction & Prehearing Statement | Pat. L.R. 4-3<br><br>Not later than 60 days after service of the "Invalidity Contentions" | July 18, 2017 |
| Deadline to Amend Pleadings Without Leave of Court | | July 26, 2017 |
| Responsive Damages Contentions | Pat. L.R. 3-9<br><br>Not later than 30 days after service of the "Damages Contentions" pursuant to Patent L.R. 3-8. | August 4, 2017 |
| Completion of Claim Construction Discovery | Pat. L.R. 4-4<br><br>Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement | August 17, 2017 |
| Asetek's Opening Claim Construction Brief | Pat. L.R. 4-5(a)<br><br>Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement | Sept. 1, 2017 |
| Newegg's Responsive Claim Construction Brief | Pat. L.R. 4-5(b)<br><br>Not later than 14 days after service of an opening brief | Sept. 15, 2017 |

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

| | | |
|---|---|---|
| **Asetek's Reply Claim Construction Brief** | Pat. L.R. 4-5(c)<br><br>Not later than 7 days after service of a responsive brief | Sept. 22, 2017 |
| **Claim Construction Hearing** | Pat. L.R. 4-6<br><br>Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c) | Oct. 5, 2017, 2:00 p.m.<br><br>(or at the Court's convenience) |
| **Close of Fact Discovery** | | Dec. 1, 2017 |
| **Opening Expert Reports** | | Jan. 12, 2018 |
| **Rebuttal Expert Reports** | | Jan. 26, 2018 |
| **Close of Expert Discovery** | | Feb. 9, 2018 |
| **Opening Summary Judgment Briefs** | | March 2, 2018 |
| **Responsive Summary Judgment Briefs** | | March 16, 2018 |
| **Reply Summary Judgment Briefs** | | March 23, 2018 |
| **Summary Judgment Hearing** | | April 5, 2018, 2:00 p.m.<br><br>(or at the Court's convenience) |
| **Pretrial Conference** | | April 27, 2018, 2:00 p.m.<br><br>(or at the Court's convenience) |

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

| | | |
|---|---|---|
| **Jury Trial** | | May 21, 2018, 8:30 a.m.<br><br>(or at the Court's convenience) |

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST

1

2      Dated: March 15, 2017                     FINNEGAN, HENDERSON, FARABOW,
                                                  GARRETT & DUNNER, LLP
3

4                                                By: */s/ Jacob A. Schroeder*
                                                     Jacob A. Schroeder
5
                                                     *Attorneys for Plaintiff*
6                                                    Asetek Danmark A/S

7

8      Dated: March 15, 2017                     LITIGATION LAW GROUP

9

10                                               By:  */s/ Gordon M. Fauth, Jr.*
                                                     Gordon M. Fauth, Jr.
11
                                                     *Attorneys for Defendants*
                                                     Newegg Inc. and Newegg North America Inc.
12

13

14                                 **ATTESTATION**

15          I, Jacob A. Schroeder, hereby attest that concurrence in the filing of the document has been

16     obtained from counsel for Newegg Inc. and Newegg North America Inc.

17                                               By: */s/ Jacob A. Schroeder*
                                                     Jacob A. Schroeder
18                                                   jacob.schroeder@finnegan.com
                                                     FINNEGAN, HENDERSON, FARABOW,
19                                                    GARRETT & DUNNER, LLP
                                                     3300 Hillview Avenue
20                                                   Palo Alto, CA 94304
                                                     Telephone: (650) 849-6600
21                                                   Facsimile: (202) 408-4400

22                                                   Attorneys for Plaintiff
                                                     Asetek Danmark A/S
23

24

25

26

27

28
                                                         JOINT CASE MANAGEMENT STATEMENT AND
                                     13                                  [PROPOSED] ORDER
                                                                        Case No. 3:16-CV-7068-JST

1

**CASE MANAGEMENT ORDER**

2          The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

3   hereby APPROVED as the Case Management Order for this case and all parties shall comply with

4   its provisions.

5

6   IT IS SO ORDERED.

7   Dated:_____                    _____

8                                                                          Honorable Jon S. Tigar

9                                                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 3:16-CV-7068-JST