# Exhibit A

Robert F. McCaulyey (SBN 162056)
robert.mccauley@finnegan.com
Erik P. Puknys (SBN 190926)
erik.puknys@finnegan.com
Jacob Schroeder (SBN 264717)
jacob.schroeder@finnegan.com
Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

Attorneys for Plaintiff
ASETEK DANMARK A/S

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S<br><br>              Plaintiff,<br><br>    v.<br><br>NEWEGG INC., NEWEGG NORTH AMERICA INC.,<br><br>              Defendants. | CASE NO. 3:16-CV-07068-JST<br><br>**ASETEK DANMARK A/S'S PRELIMINARY CLAIM CONSTRUCTIONS AND EVIDENCE PURSUANT TO PATENT L.R. 4-2** |

1  Pursuant to Patent L.R. 4-2, Plaintiff Asetek Danmark A/S ("Asetek") hereby provides its
2  Preliminary Claim Constructions and Intrinsic and Extrinsic Evidence for U.S. Patent Nos.
3  8,240,362 ("the '362 patent") and 8,245,764 ("the '764 patent") (collectively, "the patents-in-suit").
4  The citations to the evidence provided below are exemplary, and citations to the file histories
5  should be understood to include the cited references, where applicable. Asetek reserves the right to
6  supplement this disclosure.
7  Asetek may provide declarations and/or testimony from its expert(s) to demonstrate that its
8  construction of the proposed claim terms and phrases is how individuals of ordinary skill in the art
9  would have understood the claim term/phrases to be construed from the specifications and at the
10 relevant time period for the patents-in-suit, and to rebut any allegations by Newegg Inc. and Newegg
11 North America Inc. (collectively, "Newegg") that the disputed terms/phrases are indefinite (or not
12 supported by written description or not enabled) to the extent Newegg asserts these issues during
13 claim construction. Such "ordinary skill in the art" declarations and/or testimony will address both
14 the general understanding of the relevant terms and phrases in the field of the patents-in-suit as well
15 as the understanding of such terms and phrases in the context of the patents-in-suit's specifications
16 and claims. Asetek's expert(s) may also provide testimony concerning the appropriate level of skill
17 in the art at the time of the alleged invention(s) and the background of the technology at issue at the
18 time of the alleged invention(s). Asetek reserves the right to introduce expert declarations or
19 testimony to rebut Newegg's claim construction positions and any expert declarations or testimony
20 introduced by Newegg's expert(s).

I. **U.S. Patent No. 8,240,362**

| The '362 Patent Term | Construction | Support |
|---|---|---|
| "reservoir"<br><br>(claims 14, 15, 17, and 18) | "single receptacle defining a fluid flow path" | **INTRINSIC EVIDENCE**<br>**Specification**<br>• Claims 14 and 17<br>• FIG. 15 and all associated text<br>• Col. 1, ll. 41-62<br>• Col. 8, ll. 38-65<br>• Col. 9, ll. 33-47<br>• Col. 10, ll. 24-28<br>• Col. 12, l. 62-col. 13, l. 16<br>• Col. 17, l. 17-26<br>• Col. 18, ll. 3-14<br>**Prosecution History**<br>• Supplemental Preliminary Amendment filed November 18, 2011<br>• Office Action mailed December 5, 2011 at 2-3<br>**Prosecution History of Application No. 10/578,578**<br>• Office Action mailed November 24, 2010, at 3-4<br>• Reply to Office Action mailed April 4, 2011, at 3-19<br>• Notice of Allowance mailed April 8, 2011, at 2-3<br>**EXTRINSIC EVIDENCE**<br>• Trial testimony of Andre Eriksen and Donald |

| The '362 Patent Term | Construction | Support |
|---|---|---|
| | | E. Tilton from the Asetek v. CMI litigation (Case No. 3:13-cv-00457)<br>• Claim Construction Order from the Asetek v. CoolIT and Asetek v. CMI litigations (Case Nos. 3:12-cv-4498 and 3:13-cv-00457)<br>• Asetek may present expert testimony from Dr. Donald Tilton that confirms that Asetek's proposed construction is consistent with how one of ordinary skill in the art would define a "reservoir" in view of the specification. |
| "substantially circular passageway on the horizontal wall" (claim 14) | "a generally circular opening on a surface of the horizontal wall" | **INTRINSIC EVIDENCE**<br>• Claim 14<br>• FIG. 15 and all associated text<br>• Col. 17, l. 17 - Col. 18, l. 14<br>**EXTRINSIC EVIDENCE**<br>• Trial testimony of Donald E. Tilton from the Asetek v. CMI litigation (Case No. 3:13-cv-00457)<br>• Asetek may present expert testimony from Dr. Donald Tilton that confirms that Asetek's proposed construction is consistent with how one of ordinary skill in the art would define the phrase "substantially circular passageway on the horizontal wall" in view of the specification. |
| "fluidly coupled | "in fluid | **INTRINSIC EVIDENCE** |

| The '362 Patent Term | Construction | Support |
|---|---|---|
| together"/ "fluidly coupled" (claims 14 and 17) | communication" | - Independent claims 14 and 17<br>- FIG. 15 and all associated text<br>- Col. 9, ll. 34-47<br>- Col. 13, ll. 28-34<br>**Prosecution history**<br>- Supplemental Preliminary Amendment filed November 18, 2011, claims 70, 83, 86<br>- Notice of Allowability mailed May 17, 2012, at 2, 3<br>**Prosecution History of Application No. 10/578,578**<br>- Office Action mailed November 24, 2010, at 3<br>- Reply to Office Action mailed April 4, 2011, at 3-19<br>- Notice of Allowance mailed April 8, 2011, at 2-3<br>**EXTRINSIC EVIDENCE**<br>- Trial testimony of Donald E. Tilton from the Asetek v. CMI litigation (Case No. 3:13-cv-00457)<br>- Asetek may present expert testimony from Dr. Donald Tilton that confirms that Asetek's proposed construction is consistent with how one of ordinary skill in the art would define the term "fluidly coupled" in view of the specification. |

| The '362 Patent Term | Construction | Support |
|---|---|---|
| "placed in separable thermal contact" (claim 14) | "placed detachably and in thermal contact" | **INTRINSIC EVIDENCE** <br> **Specification:** <br> • FIGS. 4, 5, 15, and 16, and all associated text <br> • Col. 2, l. 58-col. 3, l. 5 <br> • Col. 8, ll. 23-37 <br> • Col. 9, ll. 34-64 <br> • Col. 17, ll. 47-58 |
| "separably thermally coupling" (claim 17) | "placing detachably and in thermal contact" | **INTRINSIC EVIDENCE** <br> **Specification:** <br> • FIGS. 4, 5, 15, and 16, and all associated text <br> • Col. 2, l. 58-col. 3, l. 5 <br> • Col. 8, ll. 23-37 <br> • Col. 9, ll. 34-64 <br> • Col. 17, ll. 47-58 |
| "the heat exchange interface being removably attached/coupled to the reservoir" (claims 14 and 17) | "the heat exchanging interface and the rest of the reservoir having a non-unitary construction" | **INTRINSIC EVIDENCE** <br> **Specification:** <br> • FIGS. 6 and 15, and all associated text <br> • Col. 1, ll. 53-62 <br> • Col. 4, ll. 15-19 <br> • Col. 4, l. 52-col. 5, l. 4 <br> • Col. 5, ll. 35-43 <br> • Col. 8, ll. 38-65 <br> • Col. 10, ll. 1-15, ll. 24-46 <br> • Col. 17, ll. 17-37, ll. 43-49 |

| The '362 Patent Term | Construction | Support |
|---|---|---|
| | | **EXTRINSIC EVIDENCE**<br>• Trial testimony of Donald E. Tilton from the Asetek v. CMI litigation (Case No. 3:13-cv-00457)<br>• Asetek may present expert testimony from Dr. Donald Tilton that confirms that Asetek's proposed construction is consistent with how one of ordinary skill in the art would define the phrase "the heat exchange interface being removably attached/coupled to the reservoir" in view of the specification. |

## II.   U.S. Patent No. 8,245,764

| The '764 Patent Term | Construction | Support |
|---|---|---|
| "reservoir"<br><br>(claims 1, 2, 9, 10, 11, 13, 15, 18, 21, 22, 25, 26, and 28-30) | "single receptacle defining a fluid flow path" | **INTRINSIC EVIDENCE**<br>**Specification**<br>• Claims 1, 10, and 15<br>• FIGS. 15, 17, and 20, and all associated text<br>• Col. 1, ll. 39-47, ll. 51-60<br>• Col. 11, ll. 3-30<br>• Col. 11, l. 66-col. 12, l. 12<br>• Col. 12, ll. 57-60<br>• Col. 15, ll. 28-38<br>• Col. 19, ll. 52-61<br>• Col. 20, ll. 42-53<br>• Col. 21, l. 12-col. 23, l. 15 |

| The '764 Patent Term | Construction | Support |
|---|---|---|
| | | **Prosecution History**<br>• Application filed October 7, 2011, claims 1, 12, 17<br>• Office Action mailed December 20, 2011 at 2-7<br><br>**EXTRINSIC EVIDENCE**<br>• Trial testimony of Andre Eriksen and Donald E. Tilton from the Asetek v. CMI litigation (Case No. 3:13-cv-00457)<br>• Claim Construction Order from the Asetek v. CoolIT and Asetek v. CMI litigations (Case Nos. 3:12-cv-4498 and 3:13-cv-00457<br>• Asetek may present expert testimony from Dr. Donald Tilton that confirms that Asetek's proposed construction is consistent with how one of ordinary skill in the art would define a "reservoir" in view of the specification. |
| "fluidly coupled to" (claims 1, 9, 13, 15)/ "fluidly couple" (claim 6)/ "fluidly coupled together" (claims 27, 28, and 30) | "in fluid communication with"/ "is in fluid communication with"/ "in fluid communication" | **INTRINSIC EVIDENCE**<br>• Independent claims 1, 10, and 15<br>• FIGS. 15, 17, and 20, and all associated text<br>• Col. 11, l. 66-col. 12, l. 12<br>• Col. 15, ll. 61-67<br>• Col. 21, l. 12-col. 23, l. 15<br><br>**Prosecution history**<br>• Application filed October 7, 2011, claim 12<br>• Office Action mailed December 20, 2011, at |

| The '764 Patent Term | Construction | Support |
|---|---|---|
| | | 5, 7 **EXTRINSIC EVIDENCE**<ul><li>Trial testimony of Donald E. Tilton from the Asetek v. CMI litigation (Case No. 3:13-cv-00457)</li><li>Asetek may present expert testimony from Dr. Donald Tilton that confirms that Asetek's proposed construction is consistent with how one of ordinary skill in the art would define the term "fluidly coupled" in view of the specification.</li></ul> |

Dated: August 18, 2017

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP


By:   */s/ Robert F. McCauley*
   Robert F. McCauley]
   Attorneys for Plaintiff
   ASETEK DANMARK A/S

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Palo Alto, California. I am over the age of 18 years, and not a party to this action. My business address is Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 3300 Hillview Avenue, Palo Alto, California 94304 ("Finnegan"). On August 18, 2017, I caused the following document(s) to be served on the party(s) listed below in the manner(s) indicated:

- **ASETEK DANMARK A/S'S PRELIMINARY CLAIM CONSTRUCTIONS AND EVIDENCE PURSUANT TO PATENT L.R. 4-2**
- 

| | |
|---|---|
| Gordon M. Fauth, Jr.<br>gmf@classlitigation.com<br>Litigation Law Group<br>1801 Clement Ave, Suite 101<br>Alameda, CA 94501<br>Phone: (510) 238-9610<br>Facsimile: (510) 337-1431 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☒ Via Email<br>☐ Via Facsimile |
| Kent E. Baldauf, Jr.<br>kbaldaufjr@webblaw.com<br>The Webb Law Firm<br>420 Ft. Duquesne Blvd, Suite 1200<br>Pittsburgh, PA 15222<br>Phone: (412) 471-8815<br>Facsimile: (412) 471-4094 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☒ Via Email<br>☐ Via Facsimile |

*Attorney for Defendants*
Newegg Inc. and Newegg North America Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 18, 2017, at Palo Alto, California.

Dated: August 18, 2017

/s/ *Gail Selburn*
Gail Selburn
Legal Assistant

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP